```
        IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF ALABAMA
                  SOUTHERN DIVISION
```

**RICKY LEE WEBB, JR.,**            :

    **Plaintiff,**                :

vs.                                 :      CIVIL ACTION NO. 13-00153-CB-B

**MRS. WHITE,**                     :

    **Defendant.**                :

## REPORT AND RECOMMENDATION

Plaintiff, a Alabama prison inmate proceeding pro se, has submitted two civil rights actions challenging the handling of mail at the Holman Correctional facility. (See Doc. 1, No. 1:13-CV-00134-WS-N; Doc. 1, No. 1:13-CV-00153-CB-B). In the earlier action, filed on March 18, 2013, Plaintiff names as Defendants Michael Strickland and G. Given, and asserts that beginning January 20, 2013 and continuing, the named prison officials have refused to allow inmates at the Holman Correctional facility to order or possess publications such as paperback books, religious publications, magazines and newspapers. Plaintiff requests injunctive relief and money damages.(Doc. 1, No. 1:13-CV-00134-WS-N)  In the instant action, Plaintiff names Mrs. White, the mail clerk, as the sole Defendant, and alleges that on March 20, 2013, he wrote Mrs. White asking why he was not receiving some of his mail, and was informed

1

that because he is in segregation, he is not allowed to have religious or educational publications. Plaintiff again requests injunctive relief and money damages. (Doc. 1).

Because Plaintiff's two complaints involve substantially similar defendants, i.e., correctional officials at the Holman Correctional facility, and the same or similar claims about the handling of mail at the facility and thus are likely to "involve a common question of law or fact," the undersigned finds that it would "avoid unnecessary cost or delay" to consolidate these two actions under Federal Rule of Civil Procedure 42(a).[1] Both actions are in the early stages such that consolidation would not result in any delay nor prejudice to the parties.

Accordingly, it is RECOMMENDED that the Clerk be DIRECTED to

---

[1] Rule 42(a) of the Federal Rules of Civil Procedure codifies the district court's "inherent managerial power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Young v. City of Augusta, 59 F.3d 1160, 1168 (11th Cir.1995) (citation and internal quotations omitted). The Rule provides the district court with authority to consolidate "[w]hen actions involving a common question of law or fact are pending before the court." Fed. R. Civ. P. 42(a). The authority under Rule 42(a) "is permissive and vests a purely discretionary power in the district court." Young v. City of Augusta, 59 F.3d 1160,1168 (11th Cir.1995) (citation omitted). In deciding whether to consolidate, the district court must consider the risk of prejudice and confusion against the risk of inconsistent decisions on the common factual and legal questions and the time, expense, and burden on the parties, witnesses, and judicial resources should the actions proceed separately. Hendrix v. Raybestos-Manhattan, Inc., 776 F. 2d 1492, 1495 (11th Cir. 1985).

ADMINISTRATIVELY CLOSE Case No. 1:13-CV-00153-CB-B and DOCKET the complaint in this action as an amendment to the complaint in Case No. 1:13-CV-0000134-WS-N).

The undersigned observes that in both complaints, Plaintiff indicated that he had not filed any other federal lawsuits. In both instances, Plaintiff's response was incorrect as a review of the Court's docket reflects that Plaintiff has filed at least four lawsuits with this Court.  Plaintiff is admonished that such misrepresentations will not be tolerated, and that he will be subject to sanctions, including the dismissal of his complaint, if such misconduct persists.

The instructions that follow the undersigned's signature contain important information regarding objections to the Report and Recommendation of the Magistrate Judge.

**DONE** this **8th** day of **April, 2013.**

                                     /s/Sonja F. Bivins
                             **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1. **Objection**. Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation within ten days"[2] after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

---

[2] Effective December 1, 2009, the time for filing written objections was extended to 14 days after being served with a copy of the recommended disposition[.] Fed.R.Civ.P. 72(b)(2).

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Opposing party's response to the objection.**   Any opposing party may submit a brief opposing the objection within fourteen (14) days of being served with a copy of the statement of objection.  Fed. R. Civ. P. 72.

3.   **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this **8th** day of **April, 2013.**

_____/s/ SONJA F. BIVINS_____
**UNITED STATES MAGISTRATE JUDGE**